NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50043 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00835-DSF-1 |
| v. | |
| ERNEST ARMANDO ANDUJO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 17, 2021**
Pasadena, California

Before: RAWLINSON and LEE, Circuit Judges, and KENNELLY,*** District
Judge.

Ernest Andujo appeals his convictions for possession of unregistered firearm

silencers in violation of 26 U.S.C. § 5861(d) and possession of firearm silencers

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

without a serial number in violation of 26 U.S.C. § 5861(i). As the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291, and we affirm.

If a party preserves his or her claim of error on a district court's evidentiary ruling, this court reviews for abuse of discretion. *United States v. Perez*, 962 F.3d 420, 434 (9th Cir. 2020). But if a witness's opinion was not objected to at trial, the plain-error standard applies. *Id.*

1.  The admission of the expert's testimony on defining and explaining what a silencer is, the methods of classifying a silencer, and the requirements of the National Firearms Act was not plain error. An expert may give an opinion about an ultimate issue. Fed. R. Evid. 704(a). An expert "may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004). Indeed, "it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard." *United States v. Diaz*, 876 F.3d 1194, 1198 (9th Cir. 2017). The expert's testimony on these issues used legal terms to explain the factual basis for her opinions, and so the admission of her testimony was not plain error.

2.  Andujo did object to the expert's testimony about whether the law included an exception for silencers used as props or on movie sets. Even if the

district court abused its discretion in admitting this testimony, any error from such admission was harmless. *United States v. Rodriguez*, 971 F.3d 1005, 1019 (9th Cir. 2020). Andujo offers no evidence that the expert's testimony was incorrect. Moreover, the government presented overwhelming evidence that the silver cylinders possessed by Andujo were silencers. Thus, "it is more probable than not that the jury would have reached the same verdict" even without the expert testimony. *Id.*

3.  Although "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged," Fed. R. Evid. 704(b), the expert never gave an opinion on Andujo's mental state. To the extent that the expert's testimony supported an inference about Andujo's mental state, there was no plain error. *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997).

4.  Finally, the indictment was not constructively amended by the government's proof at trial. *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014). We review for plain error. *Id.* at 1188. The prosecution focused throughout the trial, including during closing argument, on the two silver cylinders that were recovered from Andujo's home. The full context of the prosecutor's closing argument makes clear that he mentioned the oil filter as evidence of Andujo's knowledge that the silver cylinders were silencers, not that the oil filter itself could

3

be a silencer on which to convict Andujo.

**AFFIRMED.**